IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE OSB ANTITRUST LITIGATION <br> _____ <br><br> THIS DOCUMENT RELATES TO: <br> All Indirect Purchaser Actions. | Misc. No.1 06-MI-0308 |

**HOME DEPOT, INC.'S AMENDED RESPONSE TO MOTION
TO ENFORCE SUBPOENA DIRECTED TO HOME DEPOT, INC.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(c)(2)(B)**

COMES NOW Home Depot, Inc. ("Home Depot"), by and through its undersigned attorneys, and pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, and files this its Amended Response to Motion to Enforce Subpoena Directed to Home Depot, Inc. Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B).

The Indirect Purchaser Plaintiffs ("Plaintiffs") are asking this Court to enforce an improper subpoena, one that violates an Order entered by the Court in the OSB Antitrust Litigation which is pending in the Eastern District of Pennsylvania. In that case, the Court entered a Stipulated Protective Order. Section 14 of the Stipulated Protective Order states that:

> 14.   Copy of Protective Order Must Be Served With Any Subpoena.
> When Serving any subpoena in this Litigation on a non-party to the

>Litigation, a copy of this Protective Order shall be included with the subpoena.

(D'Angelo Decl., Ex. 5).

Plaintiffs admittedly did not comply with this requirement as pertains to the subpoena at issue. Plaintiffs did not attach the Stipulated Protective Order to the subpoena to Home Depot. (D'Angelo Decl., Ex. 3). Plaintiffs did not give Home Depot a copy of the Stipulated Protective Order until September 5, 2006, two months after delivering the subpoena to Home Depot. (D'Angelo Decl., Ex. 4).

Additionally, Home Depot made a good faith effort to respond to the improper subpoena. (D'Angelo Decl., Ex. 10). Plaintiff admits that Home Depot produced numerous documents to Plaintiff. Home Depot further stated in the cover letter to its production that it reserved the right to supplement its response.

The permissible scope of a subpoena duces tecum is broad, but not limitless. The court in <u>Kona Spring Water Distributing, Ltd. v. World Triathlon Corporation</u>, 2006 U.S. Dist. LEXIS 22323, at 7, (M.D. Fla. 2006) stated that: "While relevance for purposes of discovery is defined broadly, the right to discovery is not unlimited and it does have 'ultimate and necessary boundaries.'" (Quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507, 67 S.Ct. 385 (1947)).

In <u>Insulate America v. Masco Corporation</u>, 227 F.R.D. 427 (W.D. N.C. 2005), Insulate America sought to quash a subpoena that sought 34 different types

of documents. The court in that case quashed the subpoena as it related to requests 1 through 30, with the exception of requests 15 and 25.

When confidential information is sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information. Shields Enterprises, Inc. v. First Chicago Corporation, 1988 U.S. Dist. LEXIS 14950 (M.D. Ill. 1988). The court in Litton Industries, Inc. v. Chesapeake & Ohio Railway Company, 129 F.R.D. 528 (U.S. Dist. 1990) recognized that: "There is a constant danger inherent in disclosure of confidential information pursuant to a protective order. Therefore, the party requesting disclosure must make a strong showing of need, especially when confidential information from a non-party is sought."

In the present case, Plaintiffs seek highly sensitive, confidential, proprietary information from Home Depot. Although there exists a Stipulated Confidentiality Order, which Plaintiffs did not comply with in delivering the subpoena, Plaintiffs still have the burden of proving a strong need for such information. Plaintiffs have not met that burden.

Furthermore, Home Depot did not waive any rights to object to the subpoena, because Plaintiffs failed to comply with the Court's Order in the OSB Antitrust Litigation, and thus the subpoena is improper and invalid.

## CONCLUSION

WHEREFORE, based on the foregoing arguments and citation of legal authority, Home Depot respectfully requests that this Honorable Court deny the Motion to Enforce Subpoena Directed to Home Depot, Inc. Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B).

This the 30 day of October, 2006.

Respectfully submitted,
HAWKINS & PARNELL, LLP

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 Facsimile

/s/ E. Tyron Brown
E. Tyron Brown
Georgia Bar No. 086979
Attorneys for Home Depot, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE OSB ANTITRUST LITIGATION <br> _____ <br> THIS DOCUMENT RELATES TO: <br> All Indirect Purchaser Actions. | Misc. No.1 06-MI-0308 |

## Local Rule 7.1D Certification

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

## CERTIFICATE OF SERVICE

This is to hereby certify that I have this day electronically filed HOME DEPOT, INC.'S AMENDED RESPONSE TO MOTION TO ENFORCE SUBPOENA DIRECTED TO HOME DEPOT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(C)(2)(B) with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert C. Schubert, Esq.
Willem F. Jonckheer, Esq.
Peter E. Borkon, Esq.
Schubert & Reed LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111

Kenneth G. Gilman, Esq.
David Pastor, Esq.
Daniel D'Angelo, Esq.
Gilman and Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110

10272432v.1

Larry H. Chesin, Esq.
Parks, Chesin & Walbert, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309

    This the 30 day of October, 2006.

                                  Respectfully submitted,
                                  HAWKINS & PARNELL, LLP

                                  /s/ E. Tyron Brown
                                  E. Tyron Brown
                                  Georgia Bar No. 086979
                                  Attorneys for Home Depot, Inc.

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 Facsimile

10272432v.1