IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 17 2006

JAMES N. HATTEN
By: _____
Deputy Clerk

IN RE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
All Indirect Purchaser Actions

CIVIL ACTION FILE
1:06-CV-2630

## O R D E R

This case is presently before the Court on Indirect Purchaser Plaintiffs' Motion to Enforce Subpoena Directed to Home Depot Inc. Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B) [1] ("Motion to Enforce Subpoena"). The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the Indirect Purchaser Plaintiffs' [hereinafter "plaintiffs"] Motion to Enforce Subpoena [1] should be **TRANSFERRED** to the Honorable Paul S. Diamond, United States District Court for the Eastern District of Pennsylvania.

### BACKGROUND

The present dispute arises from a case initiated on February 24, 2006. ("Mem. in Supp. of Mot. to Enforce Subpoena" [1] at 2.) On that day, the first of twelve lawsuits was filed in the federal district court for the Eastern District of Pennsylvania, alleging

AO 72A
(Rev.8/82)

that specified materials manufacturers had conspired to artificially fix, raise, maintain or stabilize prices for oriented strand board ("OSB") in violation of federal antitrust laws. (*Id.* at 2; "D'Angelo Decl." [2] at ¶ 3.) Of those twelve lawsuits, five seek remedies on behalf of a class of indirect purchasers ("indirect purchaser plaintiffs") who allege that they were injured by the defendants' anticompetitive conduct. (Mem. in Supp. of Mot. to Enforce Subpoena [1] at 2.)

Thereafter, on June 30, 2006, these plaintiffs caused a subpoena to be issued by the Northern District of Georgia to Home Depot, Inc. ("Home Depot"), seeking production of documents for the underlying Pennsylvania antitrust action. ("Home Depot Subpoena" attach. as Ex. 3 to D'Angelo Decl. [2].) The plaintiffs served the subpoena on Home Depot on July 6, 2006. (D'Angelo Decl. at ¶ 6.) The subpoena includes twenty itemized requests for production of documents relating to the prices Home Depot paid and charged for OSB, as well as information regarding Home Depot's OSB sales volume in different states. (Home Depot Subpoena attach. as Ex. 3 to D'Angelo Decl.) Plaintiffs argue that they and their experts need Home Depot's transactional data to demonstrate that the price increases caused by defendant's alleged price conspiracy were passed onto them. (D'Angelo Decl. at ¶ 7.)

After a series of communications in which the plaintiffs

expressed their displeasure with Home Depot's responsiveness to the subpoena, the plaintiffs filed the pending Motion to Enforce Subpoena on October 16, 2006, in the Northern District of Georgia. (D'Angelo Decl. at ¶¶ 8-18; "Motion to Enforce Subpoena" [1].)  Home Depot filed its response to this motion on October 30, 2006.  ("Resp. to Mot. to Enforce" [9].)  The Motion to Enforce Subpoena was assigned to the undersigned on October 30, 2006. [6]

## DISCUSSION

As noted, the plaintiffs have filed a motion to enforce the subpoena duces tecum that they issued to Home Depot.  Alternatively, plaintiffs seek the transfer of this motion to enforce to the Eastern District of Pennsylvania. (Mem. in Supp. of Mot. to Enforce Subpoena [1] at 19-20.)  The Court addresses the plaintiffs' alternative motion to transfer the present motion to the judge handling the underlying litigation for which the subpoena was issued.

FED. R. CIV. P. 45(c)(2)(B) provides that a party who has been subpoenaed to produce documents may serve, on the subpoenaing party, an objection to such production.  If an objection is filed, the party that has issued the subpoena may require production of the documents only through the filing of a motion to compel. *Id.*  This rule does not specify which court should hear such a motion. FED. R. CIV. P. 45(c)(3)(A) provides that, upon a timely motion and a showing of one or more specified grounds, the Court by which a subpoena was issued

may quash or modify that subpoena. Reading the two rules, together, plaintiffs have filed their motion to enforce subpoena before this Court, which is the Court under whose authority the subpoena to Home Depot was issued.

As noted, Rule 45(c)(3)(A) envisions the resolution of a motion to quash by the Court under whose authority the subpoena was issued. In support of their motion to transfer, however, plaintiffs have cited to several cases which hold that the court that issued a subpoena has discretion to transfer individual motions involving the subpoena to the district in which the underlying action is pending. See Plaintiff's Motion to Enforce Subpoena [1] at 19, citing *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) ("While the . . . district court [in which objections to deposition subpoenas were originally filed] has exclusive jurisdiction to rule on the objections, it may in its discretion remit the matter to the court in which the action is pending."); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (a district court's *sua sponte* transfer of a motion to quash to the district court where the underlying lawsuit was originally filed was not improper). See *also* 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 at 78-79 (1995) ("[I]t is within the discretion of the court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending.")

4

Plaintiffs cite to two district court opinions that have noted the value of having a decision on a discovery dispute made by the district court that has the underlying litigation before it, not by a court that has no familiarity with that litigation. Thus, in *In Re Subpoenas Duces Tecum to: Schneider Nat'l Bulk Carriers, Inc.*, 918 F.Supp. 272, 273 (E.D. Wis. 1996), the district court cited "judicial economy" as an interest justifying the exercise of this discretionary authority to transfer. Likewise, in *Pactel Personal Commc'n v. JMB Realty Corp.*, 133 F.R.D. 137, 139 (E.D. Mo. 1990), the district court for the Eastern District of Missouri was faced with numerous motions related to that court's issuance of subpoenas to non-parties in a case arising out of the Northern District of Georgia. The Missouri district court recognized that "the issues [debated in the various motions] would best be decided by the [court in which the underlying action is pending], which is familiar with the facts...and the posture of the parties." Therefore, the court transferred the motions to the Northern District of Georgia, where the underlying case was pending.

Home Depot has filed no opposition to plaintiffs' request, as an alternative motion, that this discovery dispute be transferred to the Eastern District of Pennsylvania. Thus, the motion is deemed to be unopposed. See Local Rule 7.1(B).

Moreover, on the merits, transfer of this case to that court

5

makes eminent good sense. That is, to properly rule upon this motion to enforce subpoena, the relevance of the subpoenaed documents to the underlying case must be considered in light of several factors. Determining the relevance of these documents is no small task, as the underlying case is a complex antitrust class action involving multiple defendants and numerous causes of action. As the plaintiffs have noted, in the nine months since the underlying antitrust case was filed in the Eastern District of Pennsylvania, Judge Diamond has overseen the progress of the case, guiding the parties during discovery, ruling upon multiple motions to dismiss and motions for summary judgment, and directing the indirect purchaser plaintiffs to file their motion for class certification by December 1, 2006. (*Id.* at 3.)

From this prior involvement, it can be fairly assumed that Judge Diamond has developed a detailed understanding of the facts and issues relevant to the case. In comparison, this Court has only the most rudimentary understanding of these facts and issues, and it would require substantial, unnecessary, and time-consuming effort for this Court to gain sufficient knowledge to even attempt to rule on these motions. The delay necessary for this Court to familiarize itself with the complex underlying litigation is delay that would substantially retard the progress of that litigation. Therefore, this Court concludes that the interests of justice and efficiency

commend a transfer of this subpoena enforcement dispute to Judge Diamond and the District Court for the Eastern District of Pennsylvania.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that plaintiffs' Motion to Enforce Subpoena [1] be **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania for disposition by the Honorable Paul S. Diamond.

SO ORDERED, this 17 day of November, 2006.

/s/ Julie Carnes
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)